UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-cv-51-RJC

| | |
|---|---|
| MARK DOUGLAS HUGHES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| THE STATE OF NORTH ) | |
| CAROLINA,[1] ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Petitioner's pro se habeas petition pursuant to 28 U.S.C. § 2254. (Doc. No. 1).

**I.  BACKGROUND**

Petitioner Mark Hughes is a prisoner of the State of North Carolina, currently incarcerated at Scotland Correctional Institution in Laurinburg, North Carolina. Petitioner is serving a sentence of 189 to 236 months of imprisonment after being convicted of second-degree murder on June 5, 2000, in McDowell County Superior Court. Petitioner originally filed his petition in the Eastern District of North Carolina, and that court transferred the petition to this district by order dated February 22, 2013. See (Doc. No. 1 at 1). Petitioner placed the petition in the prison mail system on February 8, 2013, and it was file-stamped in this Court on February 22, 2013. Petitioner states in his habeas petition that he brings the following grounds for relief:

---

[1] A prisoner's custodian is the proper respondent in a habeas corpus action. Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004). Therefore, the proper respondent in this action is Sorrell Saunders, current Administrator of Scotland Correctional Institution.

-1-

(1) the state court erred in sentencing Petitioner; and (2) Petitioner's plea agreement imposed a sentence that was lower than the sentence Petitioner ultimately received.

## II. STANDARD OF REVIEW

Rule 4 of the Rules governing Section 2254 cases directs habeas courts to promptly examine habeas petitions. 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the petition. Id. Following this directive, the Court has reviewed the instant petition and has determined that it must be dismissed as an unauthorized, successive petition.

## III. DISCUSSION

As noted, Petitioner filed the instant habeas petition on February 22, 2013, challenging his state court conviction for second-degree murder. Petitioner filed a previous Section 2254 petition challenging the constitutionality of his custody on the same state court conviction on August 8, 2005, and this Court dismissed the petition as time-barred on April 25, 2006. See (1:05cv271, Doc. No. 18). Petitioner appealed and on November 7, 2006, in an unpublished opinion, the Fourth Circuit Court of Appeals dismissed Petitioner's appeal. Hughes v. Cooper, 204 F. App'x 246 (4th Cir. 2006). Thus, this is a successive habeas petition filed by Petitioner challenging the same state court conviction.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the Fourth Circuit Court of Appeals before this Court will consider any successive petition under 28 U.S.C. § 2254. Petitioner has not shown that he

has obtained the permission of the Fourth Circuit to file a successive petition. Accordingly, this successive petition must be dismissed.[2] See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's habeas petition, (Doc. No. 1), is **DENIED** and **DISMISSED** as an unauthorized, successive petition; and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: April 29, 2013

Robert J. Conrad, Jr.
Chief United States District Judge

---

[2] The petition is also subject to dismissal as time-barred.